Rinehimer, Appellant, v. Lehigh and Wilkes-Barre Coal Company.

Argued November 10, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph E. Gallagher*, with him *Andrew Hourigan, Jr., George Loveland*, and *O'Malley, Morgan, Bour & Gallagher*, and *Hourigan, Kluger & Spohrer*, for appellants.

*Henry Thalenfeld*, with him *Joseph L. Reynolds, III*, and *Franklin B. Gelder*, for appellee.

OPINION PER CURIAM, January 5, 1965:

This was an action of assumpsit by the lessor, under a coal lease, to recover, by assumed provisions of the lease, minimum annual royalties and damages for failure by the lessee to deliver house coal. The lessor contended that the obligation of the lessee under the lease to pay an $8,000 minimum annual royalty and to deliver 50 tons of house coal annually was to continue for a period of 99 years from the date of the execution of the lease, whether or not merchantable coal existed under the leased premises.

The court below found, after hearing, that all the merchantable coal had been mined and removed, and

that the only remaining coal consisted of pillar coal, part of which had been sealed behind fire seals and which, not only by reason of logic and practicability, but also because of express prohibition in the lease, could not and should not be mined. The court below also interpreted the lease agreement between the parties as providing that, upon exhaustion of the merchantable coal, the lease came to an end, along with the lessor's right to collect annually the $8,000 minimum royalty and the 50 tons of house coal. The record supports the court's findings. The fact that the lessee mistakenly continued to make annual payments and deliveries for a few years after the exhaustion of the coal supply did not and does not preclude the defense which it advanced at the hearing and which the court found to be sufficient and proper, in law and justice, to resist the claims of the lessor.

Judgment affirmed.